

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| KINGSLEY ARIEGWE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 08-79-GF-DLC<br><br>ORDER |

Petitioner Kingsley Ariegwe filed a document entitled "Motion for Reconsideration of Section 2254 Under Rule 60(b) Pursuant to the *Gonzalez* Exception." (Doc. 23). Mr. Ariegwe has previously made eight successive challenges in this Court to his 2004 conviction for attempted sexual intercourse without consent and unlawful transactions with a child.[1] The Ninth Circuit has

---

[1] *See Ariegwe v. Kirkegard*, No. CV 16-23-GF-DLC (D. Mont. March 22, 2016); *Ariegwe v. Kirkegard*, No. CV 15-96-GF-DLC (D. Mont. Oct. 30, 2015), *Ariegwe v. Kirkegard*, No. 15-35893 (9th Cir. Feb. 17, 2016)(request for certificate of appealability denied); *Ariegwe v. Kirkegard*, No. CV 14-60-DLC-RKS (D. Mont. Sep. 22, 2014), *Ariegwe v. Kirkegard*, No. 14-35839 (9th Cir. Nov. 20, 2014)(request for certificate of appealability denied); *Ariegwe v. Kirkegard*, No. CV 13-91-DWM-RKS (D. Mont. Nov. 12, 2013), *Ariegwe v. Kirkegard, et al*, No. 12-36063 (9th Cir. Feb. 8, 2013)(request for certificate of appealability denied); *Ariegwe v. Kirkegard*, No. CV 12-101-GF-SHE-RKS (D. Mont. judgment entered Dec. 17, 2012), *Ariegwe v. Kirkegard, et al.*, No. 12-36063 (9th Cir. Feb. 8, 2013)(request for certificate of appealability denied); *Ariegwe v. Kirkegard*, No. CV 12-37-GF-SEH-RKS (D. Mont. judgment entered June 13, 2012), *Ariegwe v. Kirkegard*, No. 12-35530 (9th Cir. Jul. 25, 2012)(request for certificate of appealability denied); *Ariegwe v. Mahoney*, No. CV 11-43-H-DWM-RKS (D. Mont. judgment entered Aug. 31, 2011), *Ariegwe v. Mahoney*, No. 11-35742 (9th Cir. Dec. 21, 2011)(request for certificate of appealability denied); *Ariegwe v. Ferriter*, No. CV 08-79-GF-SHE-RKS (D. Mont. judgment entered Apr. 21, 2009), *Ariegwe v. Ferriter*, No. 09-35432 (9th Cir. Apr. 2, 2010)(request for certificate of appealability denied).

twice denied Mr. Ariegwe's application to file a second or successive habeas petition.[2]

Mr. Ariegwe now argues that there was a defect in the integrity of the proceedings in this matter which warrants a reexamination of his petition. Specifically, Ariegwe claims that both his Due Process and Equal Protection claims were unlawfully precluded from a merits determination. (Doc. 22 at 7). He also asks this Court to rule on the merits of his actual innocence claim. *Id.* 7-8. In support of his actual innocence claim, Ariegwe provides an article published in the Prison Legal News related to hair analysis problems within the FBI labs (doc 6-2), as well as an article from the *Missoulian* relating to hair analysis issues within the State of Montana's crime lab. (Doc. 6-3). It appears Ariegwe believes these articles constitute newly discovered evidence.

**Due Process Claim**

Ariegwe disagrees with Magistrate Judge Strong's finding that Ariegwe's due process claim, stemming from the Montana Supreme Court's analysis of his speedy trial claim, lacked merit and that Ariegwe failed to allege the violation of a federal right. (Doc. 11 at 5). Ariegwe suggests this finding was "sheer happenstance" and that granting relief via Federal Rule of Civil Procedure 60(b) is appropriate. (Doc. 22 at 11)(citing *Phelps v. Alameida*, 569 F. 3d 1120,

---

[2] *See Ariegwe v. Mahoney*, No. 12-70249 (9th Cir. Apr. 9, 2012); *Ariegwe v. Kirkegard*, No. 13-72670 (9th Cir. Sept. 26, 2013).

2

1123)(noting Rule 60(b) can function as a tool to prevent the dismissal of petitions based upon "sheer happenstance or of random bad luck."). Ariegwe believes that by adopting Judge Strong's recommendation of dismissal, this Court committed egregious error and improperly dismissed his petition. (Doc. 22 at 10-11).

Ariegwe fails to appreciate that Judge Strong did not recommend dismissal of his petition based upon "sheer happenstance." First, Judge Strong looked at the Montana Supreme Court's reconsideration of its speedy trial analysis and observed that it properly brought its own test in line with federal law. (Doc. 11 at 4-5). Judge Strong next analyzed the merits of Ariegwe's due process claim and the Montana Supreme Court's application of the test outlined in *Barker v. Wingo*, 407 U.S. 514 (1972), to Ariegwe's case. *Id.* at 5-8. It was determined that the reasoning of the Montana Supreme Court was sound and it survived deferential review under the Anti-Terrorism and Effective Death Penalty Act. *Id.* at 8.

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances. Rule 60(b) "has an unquestionably valid role to play in habeas cases," but its application is qualified by the stringent limitations on second or successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); 28 U.S.C. § 2244(b)(1), (2). A Rule 60(b) motion that "substantively addresses federal grounds for setting aside the movant's conviction" by the state court is a second application for federal habeas relief. *Id.* at 533; *see also e.g.*

*United States v. Washington*, 653 F. 3d 1057, 1063-64 (9th Cir. 2011).

Under *Gonzalez*, a legitimate Rule 60(b) motion "attacks…some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,'" defined as "asserted federal bases for relief from a state court's judgment of conviction." 545 U.S. at 530. A motion that does not attack "the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably" takes a claim outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions. *Id.* at 532 n.5. While Ariegwe may disagree with the Court's decision, he has failed to establish that there was a defect in the integrity of the proceeding. What he attempts to do, yet again, is challenge the substance of the Court's resolution of the merits of his claims.

**Equal Protection Claim**

In Ariegwe's original petition, he did not cite to the Equal Protection Clause. *See generally* (Doc. 4). Now, he seems to suggest that an equal protection claim was implied in his reference to the denial of his speedy trial claim. In his objection, Ariegwe asserted that he had been subjected to cruel and unusual punishment and that his right to equal protection and due process was violated by the state court's failure to bring him to trial in a timely manner. (Doc. 15 at 2).

Ariegwe now advances his belief that his nationality and race may have factored into the state court's treatment of him. (Doc. 22 at 13). He cites to the lengthy sentence he received as an indication of this purported race and/or class based violation. *Id.*

Ariegwe raises this claim for the first time in this motion for reconsideration. As has been previously explained to Ariegwe, this Court lacks jurisdiction to hear new claims. Ariegwe cannot bootstrap this new iteration of a purported Fourteenth Amendment violation to his original petition via a motion for relief under Rule 60(b). Ariegwe may file another petition raising this claim only if he obtains leave to do so from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam).

**Actual Innocence Claim**

In Ariegwe's original petition, he did assert his "factual innocence" and contended that the medical doctor's reports and the State of Montana Crime Laboratory reports, provided "unsubstantiated and unfounded allegation[s] leveled against [him]." (Doc. 4 at 9). Ariegwe did not develop this claim any further. In his Findings and Recommendations, Judge Strong found that Ariegwe's asserted innocence did not come into play, because no procedural obstacles had prevented the Court from hearing the merits of his claims. (Doc. 11 at 10). Or, stated another way, because the Court decided the merits of Ariegwe's claims, he did not

need to use innocence as a means to pass through a procedural gateway. *See e.g.* *Schlup v. Delo*, 513 U.S. 298 (1995).

In his objection, Ariegwe reiterated his claim of innocence and contended that innocence was relevant to his petition because he had also demonstrated constitutional error. (Doc. 15 at 10). Ariegwe now asserts that he has ample evidence to establish his innocence and that this newly discovered evidence should permit the Court to reopen his case under Rule 60(b). (Doc. 22 at 14). Ariegwe cites to his own summary of trial testimony, including that of the crime lab technician (*id.* at 15-17) and a medical doctor (*id.* at 17-18). As set forth above, Ariegwe also provides two articles that he believes constitute "newly discovered evidence." *Id.* at 18. Not only does Ariegwe believe Judge Strong was wrong to deny his innocence claim, he sets forth a string of wrongs stemming from this hair evidence: the prosecutor induced perjury, trial counsel did not have the pertinent trial transcripts prior to filing a motion for a new trial, and appellate counsel failed to raise the hair evidence issue on appeal, rendering constitutionally defective assistance. *Id.* at 21; 24.

Ariegwe attempted to advance a similar argument to the Ninth Circuit when he filed an application for leave to file a second or successive habeas petition. *Ariegwe v. Kirkegard*, No. 13-72670 (App. Filed July 29, 2013). There Ariegwe raised claims of: ineffective assistance of counsel, a speedy trial violation, and

prosecutorial misconduct. Ariegwe discussed what he believed to be faulty testimony surrounding the hair evidence introduced at his trial. *Id.* The Circuit denied Ariegwe's request to file a successive petition. *Ariegwe v. Kirkegard*, No. 13-72670 (9th Cir. Sept. 26, 2013).

In order to obtain relief under the "newly discovered evidence" provision of Rule 60(b)(2), Ariegwe needs to show that the evidence is in fact newly discovered and that he exercised diligence in uncovering it; additionally, he must show that the evidence is "of such a magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc. v. City of Spokane*, 331 F. 3d 1082, 1093 (9th Cir. 2003). The only truly new pieces of "evidence" Ariegwe presents are the two news articles. *See* (Docs. 6-2 and 6-3). Neither item is of the magnitude contemplated to warrant relief under this provision of Rule 60(b)(2).

Furthermore, this Court is without jurisdiction to hear this claim. Unless and until Ariegwe obtains leave from the Ninth Circuit to file a successive petition, the claim is barred. This Court lacks jurisdiction to hear both Ariegwe's Equal Protection and innocence claims. *Burton*, 549 U.S. at 149.

Ariegwe's Motion for Reconsideration (doc. 23) is **DENIED**.

Because jurists of reason would agree this Court properly exercised discretion in denying the Rule 60(b) motion and that Ariegwe has failed to

7

establish the denial of a constitutional right, a certificate of appealability is

**DENIED**. *U.S. v. Winkles*, 795 F. 3d 1134, 1143 (9th Cir. 2015).

DATED this 13th day of May, 2016.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court